(121 App. Div. 24)

## CRANE v. PHILLIPS et al.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

MONEY RECEIVED—PERSONS WHO MAY SUE—CAPACITY AND INTEREST.

In a suit to recover money given by plaintiff to one of the defendants to deposit in a bank for her, a showing that at the time the money was delivered to defendant plaintiff was acting as administratrix of her husband's estate, that the money may have belonged to the estate, and that

plaintiff's daughter had at the time commenced a proceeding in the
Surrogate's Court to compel plaintiff as administratrix to file an in-
ventory, and later for a compulsory accounting, where these proceedings
were subsequently dismissed, and the contentions between the daughter
and plaintiff peaceably settled, and the daughter was not a party to the
suit, and there was no suggestion that she was making any claim during
the trial to the money deposited, was insufficient to defeat plaintiff's
recovery in a suit brought in her own name, and not as administratrix.

Appeal from Judgment on Report of Referee.

Action by Jemima Crane against Charles Phillips and others. From
a judgment for defendants, plaintiff appeals. Reversed, and new trial
granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

S. M. Coon, for appellant.
F. T. Cahill, for respondents.

SPRING, J. The plaintiff, an elderly lady, commenced this action
to recover the sum of $1,300 and interest, which she alleged she con-
fided to the defendants Phillips in various sums during the years 1901
and 1902 to deposit with the defendant savings bank for her benefit,
and also to recover the possession of the pass book containing the en-
tries of such moneys. She claims that the money was deposited in the
bank by the said defendants to the credit of said defendant Bessie
Phillips, the wife of the defendant Charles Phillips. The plaintiff
demanded of the defendants the repayment of the sums deposited and
the delivery of the said pass book. The defendants refused to comply
with such demand, and repudiated wholly the claim of the plaintiff,
and upon the trial denied that any sums were ever placed in the bank
by them for the plaintiff other than appeared upon her own pass book.
This question of fact, involving the real controversy between the par-
ties, we do not pass upon, for there is another incidental question, not
pertaining to the merits, which evidently influenced the decision of the
referee, and his erroneous determination of such question calls for a
new trial of the action.

James Crane died intestate in May, 1900, leaving him surviving his
widow, the plaintiff, and Ida May Wilcox, his daughter and only next
of kin. In August following the plaintiff was appointed the adminis-
tratrix of the goods, etc., belonging to her husband. A controversy
arose between the mother and daughter over the division of the per-
sonal property. The daughter commenced a proceeding in the Sur-
rogate's Court of Oswego county to compel the administratrix to file
an inventory, and later for a compulsory accounting. These proceed-
ings were adjourned along from time to time until January 30, 1902,
and in November of that year the mother and daughter amicably
adjusted their differences, and the proceedings seem to have terminated
without any formal order or decree. It was during the pendency of
these proceedings that the moneys were committed to the defendants
Phillips by the plaintiff to deposit for her. The plaintiff claimed that
personal property which had once belonged to her husband, and which
had been acquired through their joint frugality, had been given to

her by the husband shortly before his death. She was harassed by the attempts of her daughter to compel her to disclose the amount of this money and property, with a view to its distribution as assets of Mr. Crane, the decedent. The Phillipses and the plaintiff had long been friends and neighbors. She testified that her husband advised her to consult Mr. Phillips if she needed advice over her property matters. She was often at the Phillips household after her husband's death. She had little business experience, and in January, 1901, gave Mr. Phillips $500 to deposit in his name for her benefit. He made the deposit in the name of his wife, and the plaintiff acquiesced in this arrangement, and the subsequent deposits were entered on the same pass book. All this time the plaintiff claimed to be the unqualified owner of this money. She testified that she inherited money from her father's estate, and acquired some by her thrift during her long married life, and her husband gave the bulk of his personal property to her, and there is some corroborative evidence of the gift by the husband.

There is plenty of proof that these sums which she claims she turned over to Mr. Phillips to deposit belonged to her. The settlement of the mother and daughter occurred some time before the commencement of the action. They were friendly after this reconciliation. The daughter, with her husband, was present at the trial, although not sworn. There is no suggestion that she was making any claim during the trial to the money deposited. The defendants Phillips were not acknowledging a liability to any one. They did not offer to repay to the administratrix the sum which the plaintiff claims she had handed Mr. Phillips to be deposited for her. They were disavowing the demand, and disputing the story of the plaintiff, and contended that the entries upon the pass book of Bessie Phillips were all moneys which belonged to her, as the book indicated. If they had admitted that they had received these sums from the plaintiff, but were in doubt whether they belonged to her individually or as administratrix, there would have been no litigation. The rights of the mother and the daughter, if there was any conflict, would have been readily adjusted. If the plaintiff's story is to be credited that she intrusted these moneys to her friends the defendants, to be placed in the bank to be earning interest for her, there is very little left, under the evidence, to the proposition that the money belonged to her in her capacity as administratrix, and not individually. The evidence should be strong and decisive to permit that defense to prevail, especially when there is no admission of liability, and no claim by the next of kin, and no attempt to bring her in as a party to the action, and no such defense is interposed in the answer.

The referee, however, has disposed of the case on the ground that the plaintiff individually cannot maintain the action. He finds specifically:

"That the plaintiff has not proved by a fair preponderance of evidence that she was the owner of any of the moneys so deposited. That any moneys intrusted by plaintiff to either defendant Phillips to deposit in the name of either defendant Phillips were the moneys of the estate of James Crane, and not of plaintiff individually."

In his conclusions of law, after finding that the plaintiff is not entitled to recover either the bank book or the moneys, he decides:

"That plaintiff would not be entitled to recover in this action any of said moneys intrusted by her to defendants Phillips, or either of them, if any."

In his memorandum or opinion he says:

"If the evidence given by plaintiff had shown that the money plaintiff claims she intrusted to the defendants Phillips had been money absolutely belonging to plaintiff, and which her daughter had no right to inquire about or demand that plaintiff as administratrix should tell freely about on inventory or, in Surrogate's Court, I should feel very differently about this case. But Mrs. Wilcox had a right, and the plaintiff as administratrix was bound, to give her full information about the property of James Crane, and all that was in his name, at the time of his death or any reasonable time before. * * * Regretting that plaintiff's desire to conceal from her own daughter may have deprived her of property, I believe that my duty as referee is to find the plaintiff has not proved her case and to direct judgment in favor of defendants Phillips. Recognizing that the courts often allow plaintiff trustees for creditors to recover property conveyed or concealed with illegal intent, while denying relief to the one who conveys or conceals, I express no opinion as to the right of one suing as representative of the estate of James Crane. As I do not believe that the money deposited was the property of Jemima Crane, or that she was entitled to recover, I leave the other questions for future action."

This is not a controversy between the mother and the daughter. The plaintiff is seeking to recover moneys which she claims the defendants Phillips are unlawfully and dishonestly withholding from her, and the truthfulness of that claim is the gist of the action and the question to be determined. The judgment should be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.